# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 08-374 |
| | ) |
| ERIC ALFORD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is a pro se motion seeking a sentence reduction under the First Step Act filed by defendant Eric Alford ("Alford") (ECF No. 1240). It is fully briefed and ripe for disposition.

Factual and Procedural Background

In his initial motion, Alford argued that pursuant to section 401 of the First Step Act, he is subject to a 15-year mandatory minimum sentence, rather than a 20-year mandatory minimum sentence. The federal public defender notified the court that it was not going to enter an appearance on behalf of Alford. On January 14, 2020, the court issued a decision declining to appoint counsel to assist Alford with the motion and giving him an opportunity to file a brief in support of his motion for relief under the First Step Act (ECF No. 1266).

Alford did so. In his brief, Alford explains that he now seeks relief under § 404 of the First Step Act, rather than § 401 (ECF No. 1268). He argues that his conviction at count 1 is a "covered offense" because it relates to crack cocaine. The federal public defender again notified the court that it is not going to enter an appearance on behalf of Alford.

The government filed a response in opposition to the motion (ECF No. 1271). The government argues that Alford's offenses of conviction do not qualify for relief under the First Step Act because the statutory and guideline ranges were driven by the amount of powder cocaine involved. The government contends that the court lacks authority to reduce Alford's sentence.

On April 18, 2011, Alford pleaded guilty in open court to counts 1 and 2 of the superseding indictment pursuant to a written plea agreement. (Transcript, ECF No. 1022). Count 1 charged Alford with conspiracy to possess with intent to distribute: (1) 5.0 kilograms or more of powder cocaine; and (2) 50 grams or more of crack cocaine from 2007 to October 2008. Count 2 charged Alford with attempt to possess with intent to distribute 5.0 kilograms or more of powder cocaine on June 11, 2008. In the plea agreement, he stipulated that the total drug weight of powder cocaine was between 5.0 and 15.0 kilograms. There was no stipulation about the quantity of crack cocaine. The government filed a § 851 information of a prior felony drug conviction as a basis to increase the statutory penalties.

Based on the amount of powder cocaine, Alford faced a statutory mandatory minimum term of imprisonment of 20 years at each count. The presentence report was calculated based solely on the quantity of powder cocaine. (ECF No. 619). Alford was classified as a career offender. His advisory guideline range, based on offense level 34 and criminal history category VI, was 262 to 327 months imprisonment. The court adopted that calculation at the sentencing hearing. The court varied downward and sentenced Alford to a term of imprisonment at the statutory minimum of 240 months at each count, to run concurrent. (Transcript, ECF No. 1023).

Legal Analysis

To be eligible for relief under the First Step Act, the defendant must have committed a "covered offense." Pub. L. 115-391 § 404(6). A "covered offense" is (1) a violation of a federal criminal statute; (2) for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010; (3) that was committed before August 3, 2010. *Id*. § 404(a). The Court has discretion on whether to reduce sentences under the First Step Act. *Id*. § 404(c).

Even though Alford pleaded guilty in Count 1 to a conspiracy involving crack cocaine, Count 1 is not a "covered offense" for the First Step Act because the crack cocaine did not increase his statutory penalties. The 20-year statutory mandatory minimum and guideline range calculated in the presentence report were based on the amount of powder cocaine involved in the conspiracy. *Compare United States v. Daniels*, Crim. No. 3:06-10, ECF No. 299 (W.D. Pa. May 30, 2019) (defendant not eligible for relief under First Step Act where sentence was driven by amount of powder cocaine); *with United States v. Mack*, 404 F. Supp. 3d 871, 883 (D.N.J. 2019) (conviction after jury trial on both powder and crack cocaine offenses did not render defendant ineligible for relief under First Step Act where the quantity of crack cocaine drove the punishment all by itself). Count 2 is clearly not a "covered offense" (as Alford appears to recognize) because it involved only powder cocaine. Alford is therefore not eligible for relief under the First Step Act.

To the extent that Count 1 would technically qualify as a "covered offense," the court would decline to exercise its discretion to reduce his sentence under the circumstances of this case. To reiterate, Alford was sentenced to the statutory mandatory minimum term of imprisonment he faced based solely on either of his powder cocaine convictions.

Conclusion

For the reasons set forth above, Alford's motion for relief under the First Step Act (ECF No. 1240) will be DENIED.

An appropriate order will be entered.


Dated: March 31, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge