**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,     )
     )
         v.     )     Criminal No.   08-374
     )
ERIC ALFORD,     )
     )
         Defendant.     )

**MEMORANDUM OPINION**

## I.      Introduction

On April 21, 2021, the court issued an opinion and order denying the pro se and counseled motions for compassionate release filed by and on behalf of defendant Eric Alford ("Alford") (ECF Nos. 1356, 1357).   Now pending is a motion by Alford's attorney for reconsideration of one narrow portion of the opinion (ECF No. 1358).  Specifically, Alford takes issue with the court's statement:  "Alford would face the same statutory mandatory minimum of 20 years at each count if resentenced today due to the amount of powder cocaine." (ECF No. 1356 at 17).  The government filed a response in opposition (ECF No. 1368) and submitted updated medical records under seal, which reflect that Alford received both doses of the Pfizer COVID-19 vaccine (ECF No. 1366 at 62).  The motion for reconsideration is ripe for disposition.

## II.      Standard of Review

A motion for reconsideration of a final order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A litigant – even a pro se criminal

defendant – is not entitled to obtain reconsideration by disavowing the gravamen of his original motion after it is denied by the court.  *United States v. Bonfilio,* No. CR 09-205, 2017 WL 118404, at *2 (W.D. Pa. Jan. 12, 2017) (involving a pro se motion by a criminal defendant) (a motion for reconsideration is not "an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support.") (*citing Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008); *Spence v. City of Phila.*, 147 F. App'x 289, 291-92 (3d Cir. 2005); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir. 1987); *Miller v. Court of Common Pleas of Erie Cnty.*, Civ. Action No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. 2014)).  Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." *Bhatnagar*, 52 F.3d at 1231.


### III.   <u>Legal Analysis</u>

#### A.  <u>Arguments Raised</u>

The gravamen of Alford's argument is that he should be granted compassionate release due to two subsequent changes to law: (1) the First Step Act's revisions to 21 U.S.C. § 841, under which a § 851 information would make the mandatory minimum 15 years, rather than 20 years; and (2) the recent decision in <u>United States v. Nasir</u>, 982 F.3d 144 (3d Cir. 2021) (en banc), in which the Third Circuit Court of Appeals held that inchoate offenses, such as attempt and conspiracy, cannot serve as predicates for career offender status (ECF No. 1351 at 8-11).  In other words, Alford argues that he should be granted compassionate release because his original sentence now appears too lengthy.

In rejecting these contentions in the April 21, 2021 opinion, the court stated: "Alford

would face the same statutory mandatory minimum of 20 years at each count if resentenced today due to the amount of powder cocaine." (ECF No. 1356 at 17). The court cited its opinion and order of March 31, 2020, which denied Alford's motion for a sentence reduction under § 404 of the First Step Act because Alford's sentence was not based on the amount of crack cocaine (ECF Nos. 1274, 1275). The court's denial of relief to Alford under § 404 of the First Step Act was affirmed by the Third Circuit Court of Appeals in United States v. Alford, 839 F. App'x 761, 763 (3d Cir. 2021) (the First Step Act did not change the sentencing provisions for offenses involving powder cocaine). This court explained in the April 21, 2021 opinion that Nasir is not persuasive to the request for compassionate release because Alford's sentence was based upon the statutory mandatory minimum, not his career offender designation under the guidelines. (ECF No. 1356 at 17).

In the motion for reconsideration, Alford's counsel explains that he is not challenging the crack/cocaine issue raised in the prior appeal, but instead argues that regardless of the amount of powder cocaine, he is eligible for the reduction in the statutory mandatory minimum penalty from 20 years to 15 years (ECF No. 1568 at 2). Counsel contends that if he is correct on this issue, then Nasir becomes relevant. Id. There are numerous flaws with Alford's position. Whether the court was correct in its statement that if Alford were resentenced today he would face a 20-year statutory mandatory minimum sentence at each count of conviction is not the issue. At the time Alford was sentenced, the mandatory minimum term of imprisonment was 20 years and § 401 of the First Step Act is not retroactive.

B. <u>Section 401 is not retroactive</u>

Alford is correct that § 401 of the First Step Act amended the Controlled Substances Act to provide that if a § 851 Information is filed to establish a prior serious drug felony conviction, the mandatory minimum penalty for an offense involving more than 5 kilograms of cocaine would be 15 years, rather than 20 years. *See* FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat. 5194, 5220; 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years"). If Alford committed his same offenses today, the applicable statutory mandatory minimum sentence would be 15 years.

Alford, however, is not eligible for the reduced 15-year mandatory minimum penalty because § 401 of the First Step Act is not retroactive. Congress provided in § 401(c): "APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, **if a sentence for the offense has not been imposed** as of such date of enactment." 132 Stat. at 5221 (emphasis added). Alford was sentenced on August 19, 2011, long before the enactment of the First Step Act. <u>United States v. Aviles</u>, 938 F.3d 503, 510 (3d Cir. 2019) (Section 401 applies only if a sentence for the offense has not been imposed as of the date of enactment).

Alford cannot evade the limits on the retroactivity of § 401, indirectly, by way of a compassionate release motion. In <u>United States v. Stitt</u>, No. CR 03-259, 2021 WL 826744, at *2 (W.D. Pa. Mar. 4, 2021), the court commented: "While defendants with similar records and conduct may serve a lesser term of imprisonment due to the First Step Act's 2018 reduction of that mandatory minimum, that is not enough to convince the Court [compassionate] release is

4

appropriate." <u>Id.</u> at *6.  In a decision involving one of Alford's co-defendants, <u>United States v. Johnson</u>, No. CR 2:08-374, 2021 WL 409830 (W.D. Pa. Feb. 5, 2021), the court explained:

> The court is without authority to override the clear intent of Congress and retroactively apply the First Step Act on a case-by-case basis to defendants who committed their offenses and were sentenced prior to the enactment of the Act. In sum, the court will not consider the First Step Act amendments, which do not retroactively apply to Johnson, as an extraordinary and compelling reason for his compassionate release.

<u>Id.</u> at *7.  The same analysis applies to Alford.

### C.   <u>Alford disavowed that he sought relief under § 401</u>

Alford previously sought relief under § 401 of the First Step Act in this case (ECF No. 1240).  In declining to appoint counsel, the court explained that this argument lacked arguable merit, citing <u>Aviles</u> (ECF No. 1266).  In response, Alford stated that "after serious consideration," he requested that the court consider his motion for relief under § 404 of the First Step Act, rather than § 401 (ECF No. 1268 at 1).  *See* <u>Alford</u>, 839 F. App'x at 763 n.2 (noting, "Alford initially cited § 401 of the Act, but he later clarified that his request concerned § 404, not § 401.").  Alford's attempt to raise § 401as a basis for reconsideration, after previously disavowing his intent to seek relief under that provision, is not persuasive.

### D.   <u>The Court of Appeals affirmed that Alford faces a 240-month prison term</u>

As this court and the Third Circuit Court of Appeals previously explained, Alford does not qualify for relief under § 404 of the First Step Act.  Section 404 made certain provisions of the Fair Sentencing Act retroactive, including its reduction of sentences for crack offenses.  The Fair Sentencing Act, however, did not change the sentencing provisions for offenses involving powder cocaine.  Alford did not dispute this court's finding that his conviction at Count 2 is not a

§ 404 "covered offense" because it involved only powder cocaine.  The Third Circuit Court of Appeals affirmed "that sentence remains at 240 months."  <u>Alford</u>, 839 F. App'x at 763.  This court assumed that the dual crack and powder cocaine conspiracy in count 1 was technically eligible for relief under § 404, but declined to reduce Alford's sentence because he was sentenced to the applicable statutory mandatory minimum of 240 months for each of his powder cocaine convictions. The Third Circuit Court of Appeals affirmed this exercise of discretion.  <u>Id.</u>  In sum, Alford's statutory mandatory minimum term of imprisonment of 240 months remains at each count of conviction.

E.   <u>The applicable statutory mandatory minimum would not change the result of Alford's compassionate release motion</u>

Even if Alford were correct about the applicable statutory mandatory minimum sentence, reconsideration of this issue would not change the court's decision to deny compassionate release.  Alford does not challenge the court's primary conclusion that he failed to satisfy his burden to establish extraordinary and compelling reasons for compassionate release (ECF No. 1356 at 15).[1]  The discussion challenged by Alford involved the court's *alternative* holding that it would deny relief after considering the § 3553(a) factors. As the court noted in its opinion, it was not required to consider those factors (ECF No. 1356 at 15 n. 6).  Further, the discussion challenged by Alford involved only the third § 3553(a) factor (the applicable guideline range).  Alford does not challenge the court's discussion of the other sentencing factors (such as the serious nature of the offense, Alford's role as a leader and organizer, and his extensive criminal history) or the court's conclusion that those factors weighed against compassionate release (ECF No. 1356 at 15-20).  In sum, the court adheres to

---

[1] The court notes, but does not address, the updated medical records submitted by the government about Alford's COVID-19 vaccination, to which Alford had no opportunity to respond.

its decision that compassionate release is not warranted.

 

**IV.**    <u>**Conclusion**</u>

For the reasons set forth above, Alford's motion for reconsideration (ECF No. 1358) will be DENIED.  An appropriate order will be entered.


Dated:  May 18, 2021

                                                          <u>/s/ Joy Flowers Conti</u>
                                                           Joy Flowers Conti
                                                           Senior United States District Court Judge