# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-374 |
| | ) | |
| ERIC ALFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

On April 21, 2021, the court issued an opinion and order denying the pro se and counseled motions for compassionate release filed by and on behalf of defendant Eric Alford ("Alford") (ECF Nos. 1356, 1357). On May 18, 2021, the court denied a motion by Alford's attorney for reconsideration (ECF Nos. 1370, 1371). On May 26, 2021, the court granted appointed counsel's motion to withdraw his appearance because he is relocating to California (ECF No. 1374). Alford filed a pro se notice of appeal of the denial of his compassionate release motions and the denial of the motion for reconsideration (ECF No. 1377).

Pending now are several supplemental pro se motions filed by Alford in this court: (1) a motion to submit documents to the court of appeals (ECF No. 1378); (2) a motion to submit additional evidence in this court in support of his requests for compassionate release (ECF No. 1379); and (3) a request to appoint counsel for the appeal (ECF No. 1380). The motions will be resolved without the necessity of a response from the government.

### II. Relevant Background

There have been numerous post-conviction proceedings in this case, most of which have been pro se. *See, e.g.*, United States v. Alford, 839 F. App'x 761, 763 (3d Cir. 2021)

(denying relief under § 404 of the First Step Act). Alford has diligently pursued his legal rights and demonstrated his familiarity with the appellate process.

His initial compassionate release motions were filed pro se. Pursuant to a standard order, the court appointed CJA counsel, who supplemented Alford's motions with another motion and additional evidence and argument. The briefing period was prolonged because, while the motions were pending, Alford contracted the COVID-19 virus. Both Alford and the government had an opportunity to supplement the record to address that development.

The court denied relief for the reasons set forth in the April 21, 2021 opinion and denied counsel's subsequent motion for reconsideration. To summarize, the court concluded that Alford failed to meet his burden to demonstrate an extraordinary and compelling reason for compassionate release, and in the alternative, that compassionate release was not warranted after considering the § 3553(a) sentencing factors. The court observed that Alford was sentenced to the applicable statutory mandatory minimum of 240 months for each of his powder cocaine convictions.

**III.** **Legal Analysis**

A. Permission to submit documents to the court of appeals

Alford asks this court for permission to submit documents to the court of appeals. The request is improper because this district court does not have authority to direct the proceedings of the United States Court of Appeals for the Third Circuit. Alford is advised to consult the Federal Rules of Appellate Procedure and the Third Circuit Local Appellate Rules before filing a motion seeking such relief directly from the United States Court of Appeals for the Third Circuit. The motion at ECF No. 1378 will be DENIED.

B. Permission to supplement the record in this court

Alford filed a somewhat parallel motion to submit additional evidence in this court in support of his motion for compassionate release. Specifically, Alford seeks to inform the court that on April 29, 2021, numerous correctional officers at FCI McKean filed a lawsuit seeking hazard pay due to the COVID-19 pandemic. Alford's motion recites various allegations in the correctional officers' complaint about conditions at FCI McKean.

There is a fundamental procedural problem with Alford's motion. His original motions for compassionate release were denied based upon the record developed through April 2021, which reflected the assistance of counsel on behalf of Alford. The court denied relief based upon that record, albeit without prejudice. Alford's prior motions, and his motion for reconsideration, are fully resolved and are now on appeal. The filing of the notice of appeal divests this court of jurisdiction over the motions. As the United States Supreme Court explained: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

If Alford wishes to bring additional information to this court's attention, he must do so in the context of a new motion for compassionate release. The court explicitly authorized Alford to file a **new** motion for compassionate release (in contrast to reconsideration of the prior motions) if conditions changed, stating: "The denial is without prejudice and Alford may file a new request if the circumstances at his place of incarceration or his medical conditions change." (ECF No. 1356 at 21).

Even if the court were to consider the new information submitted by Alford, it would not change its decision. In denying compassionate release, the court reasoned that Alford must show

3

an actual, non-speculative risk of exposure to COVID-19 at FCI McKean and that he is likely to be reinfected despite recovering after contracting the COVID-19 virus in January 2021. The court cited the most recent information from the Centers for Disease Control ("CDC"), which reported: "Cases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html, last visited April 16, 2021. The court also consulted the most recent information from the Bureau of Prisons, which reflected that on April 21, 2021, there was 1 inmate and 0 staff members with active cases of COVID-19. https://www.bop.gov/coronavirus/index.jsp, last visited April 21, 2021.[1] The court concluded, on that record, that there was only a minimal risk that Alford will be exposed to the COVID-19 virus, as there was only 1 active case at FCI McKean, and no evidence that even if he was exposed, Alford was likely to be reinfected.

The "new" information that Alford brings to the court's attention does not affect this analysis. The generalized allegations in the lawsuit about the conditions faced by correctional officers do not directly relate to Alford's individualized risk factors. Alford does not introduce evidence about the current prevalence of the virus at FCI McKean or about his individual likelihood of reinfection or susceptibility to severe consequences if he is reinfected with the COVID-19 virus. The court adheres to its determination that Alford's health conditions and the COVID-19 pandemic do not constitute extraordinary and compelling reasons for his compassionate release.

In sum, the motion at ECF No. 1379 will be DENIED.

---

[1] The court observes that there is no current outbreak of the COVID-19 virus at FCI McKean. The BOP reports no inmates and 2 staff with active cases. https://www.bop.gov/coronavirus/index.jsp, last visited June 30, 2021.

### C. Motion to Appoint Counsel on Appeal

The motion for appointment of counsel on appeal is also more properly addressed by the appellate court. *See, e.g.,* Price v. Fed. Bureau of Investigation, 845 F. App'x 106, 108 n.2 (3d Cir. 2021) (court of appeals making decision to deny motion for appointment of counsel on appeal). The motion at ECF No. 1380 will be DENIED without prejudice for defendant to seek appointment of counsel by the appellate court.

### IV. **Conclusion**

For the reasons set forth above, Alford's motion to submit documents to the court of appeals (ECF No. 1378); his motion to submit additional evidence in support of his request for compassionate release (ECF No. 1379); and his motion to appoint counsel for the appeal (ECF No. 1380) will be DENIED without prejudice for defendant to seek appointment of counsel by the appellate court. An appropriate order will be entered.

Dated: July 1, 2021

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge