**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374 |
| | ) | |
| ERIC ALFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.      **Introduction**

Now pending before this court is a motion for leave to file a second or successive § 2255 petition filed by pro se defendant Eric Alford ("Alford") (ECF No. 1422).  Specifically, Alford challenges his designation as a career offender based on *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc) (inchoate offenses cannot serve as predicates for career offender status under the sentencing guidelines).  The government filed a response in opposition (ECF No. 1426), contending: (1) this court does not have jurisdiction to authorize a second § 2255 petition; (2) *Nasir* does not apply because Alford was sentenced to the statutory mandatory minimum term of imprisonment; and (3) Alford waived his right to collateral review in the plea agreement. The motion is ripe for disposition.

II.      **Standard of Review**

In an opinion dated January 14, 2020, the court previously explained to Alford the procedures that must be followed <u>before</u> this court can consider a second § 2255 petition.  In short, the United States Court of Appeals for the Third Circuit must first grant him permission to do so.  As this court explained:

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. That right is subject to stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court. *Mendoza v. United States*, No. CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017). In particular, as applicable to this case, 28 U.S.C. § 2255(h) requires a petitioner to obtain certification from the appropriate court of appeals *before* filing a second or successive § 2255 motion. *Id.* (emphasis in original). The court of appeals, not the district court, must certify that the second § 2255 motion meets the statutory requirements. The statute provides, in relevant part:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

District courts lack subject-matter jurisdiction to consider an unauthorized second or successive § 2255 motion. *Mendoza*, 2017 WL 1293575, at *2 (citing *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003); *Lugo v. Zickefoose*, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."). In sum, if Alford does not show that he already obtained authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion, this court is not empowered to decide the motion.

In *Mendoza*, the court explained that once the court determines that a petitioner's filing is an unauthorized second or successive § 2255 motion, it may proceed by either (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). In deciding which option to implement, the court should evaluate whether the petitioner has alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new rule of constitutional law).

Opinion dated January 14, 2020 (ECF No. 1265).

### III.     <u>Legal Analysis</u>

Alford clearly states that he is seeking permission to file a second or successive § 2255 motion.  As previously explained, this court lacks the power to grant permission – only the Third Circuit Court of Appeals may do so.  This court's options are limited to: (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals.  The court will dismiss the motion because it concludes that Alford failed to allege facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new rule of constitutional law).

This court previously determined that the decision in *Nasir* did not impact Alford's situation, in denying his motion for compassionate release.  In its April 21, 2021 opinion, the court explained that *Nasir* was not applicable because Alford's sentence was based upon the statutory mandatory minimum (for each of his powder cocaine convictions), not his career offender designation under the guidelines. (ECF No. 1356 at 17).  The court adheres to that determination.  The Third Circuit Court of Appeals summarily affirmed this court's denial of compassionate release to Alford and stated that "a nonretroactive change [in sentencing law], like the one involved here," does not warrant compassionate release.  (ECF No. 1395 at 2). *See United States v. Dawson*, 32 F.4th 254, 260 (3d Cir. 2022) ("*Nasir* does not control here because it addressed only true inchoate offenses").  The court concludes that transferring Alford's pending motion, for the Third Circuit Court of Appeals to again consider *Nasir,* is not warranted.[1]

---

[1] The court does not reach the government's arguments with respect to enforcement of the collateral appeal waiver in the plea agreement.

**IV.** **Conclusion**

For the reasons set forth above, Alford's motion for motion for leave to file a second or successive § 2255 petition (ECF No. 1422) will be dismissed for lack of subject matter jurisdiction.   No certificate of appealability will issue.   Jurists of reason would not find it debatable that Alford failed to make a substantial showing of the denial of a constitutional right. An appropriate order will be entered.

Dated:  September 8, 2022

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge