IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 08-374 |
| | ) |
| ERIC ALFORD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.   **Introduction**

Pending before the court is a renewed pro se motion seeking compassionate release (ECF No. 1456) filed by Defendant Eric Alford ("Alford"). The government filed a response in opposition (ECF No. 1461) and Alford filed a reply (ECF No. 1468). The motion is ripe for decision.

This is not the first time Alford has sought compassionate release. On April 21, 2021, the court issued an opinion and order (ECF Nos. 1356, 1357) denying pro se and counseled motions for compassionate release filed by, and on behalf of, Alford. On May 18, 2021, the court denied Alford's counsel's motion for reconsideration (ECF Nos. 1370, 1371).

The Third Circuit Court of Appeals summarily affirmed this court's decisions (ECF No. 1395). The court of appeals explained Alford did not articulate extraordinary and compelling reasons for compassionate release, particularly in light of his vaccinations for COVID-19. The court of appeals also explained that this court correctly denied Alford's motion for reconsideration based on changes to the statutory penalties and guideline calculation because "a nonretroactive change [in sentencing law], like the one involved here" does not constitute an

extraordinary and compelling reason for compassionate release. *Id.* (citing *United States v. Andrews*, 12 F.4th 255, 261-62 (3d Cir. 2021)).

## II. Legal Analysis

1. Exhaustion of administrative remedies

The government argues, as an initial matter, that the court lacks jurisdiction to consider most of the grounds asserted in the pending motion because Alford failed to exhaust his administrative remedies. The government points to Alford's request to the warden dated April 13, 2023 (ECF No. 1461-1), which cited only: (1) his long sentence; (2) a change in the law; and (3) his rehabilitation.

In his reply, Alford attached the warden's denials of *other* inmates' requests for compassionate release received by the warden on January 29; February 22; April 19; May 19 and 24; and June 13, 2023 (ECF No. 1468-1). A review of the documents reflects that the warden rejected each reason for which Alford now seeks compassionate release from the court. Alford, however, did not raise all of these contentions with the warden on his own behalf. The court will assume, without deciding, that Alford exhausted his administrative remedies.

2. Statutory overview

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised

release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. at n.6. To summarize, to grant Alford compassionate release under § 3582(c)(1)(A), the court must undertake a three-step analysis to determine whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors; and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

The information that can be considered by the court at each step of the analysis differs. At step 1, the defendant has the burden to show an extraordinary and compelling reason for release. *United States v. Adeyemi*, 470 F.Supp.3d 489, 512 (E.D. Pa. 2020). Not all reasons qualify at this threshold stage. As particularly relevant to Alford's pending motion: (1) the court is barred by statute from considering his rehabilitation as an extraordinary and compelling reason for release, *see* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); and (2) the Third Circuit Court of Appeals specifically held that the non-retroactive changes to sentencing law in Alford's case cannot serve as an extraordinary and compelling reason (ECF No. 1395). This court is bound by that decision.

By contrast, in evaluating the § 3553(a) factors at the second step of the analysis, the court can consider a full, updated picture of the defendant. At step 2, the court can consider, among other things, Alford's rehabilitation and the changes to sentencing law in the First Step

3

Act.  *See United States v. Reaves*, No. CR 91-570-09, 2023 WL 2795349, at *3 (E.D. Pa. Apr. 5, 2023) ("postsentencing rehabilitation evidence may be highly relevant to several of the § 3553(a) factors") (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)); *Andrews*, 12 F.4th at 262 ("If a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts **at the next step** of the analysis when they weigh the § 3553(a) factors.") (emphasis added); *United States v. Johnson*, No. CR 2:08-374, 2021 WL 409830, at *10 (W.D. Pa. Feb. 5, 2021), aff'd, 848 F. App'x 60 (3d Cir. 2021) (involving one of Alford's codefendants) ("Johnson's efforts to rehabilitate himself while incarcerated are commendable, but do not satisfy his burden to show his entitlement to compassionate release. The court will consider his rehabilitative efforts as part of its assessment of the § 3553(a) factors.").

If the inmate fails to make a "threshold showing" at step 1 that extraordinary and compelling reasons support his release, the court need not reach the § 3553(a) factors.  *United States v. Bristol*, No. 21-2398, 2021 WL 4775408, at *2 (3d Cir. Oct. 13, 2021).  On the other hand, a court may assume, arguendo, that an extraordinary and compelling circumstance exists, but deny compassionate release based on the § 3553(a) factors.  *Id.* (citation omitted).  Alford's motion fails at step 1 of the analysis.

3.  Extraordinary and compelling reasons

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." *Adeyemi*, 470 F.Supp.3d at 499 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement

4

U.S.S.G. § 1B1.13." *United States v. Handerhan*, 789 F. App'x 924, 925 (3d Cir. 2019) (citing *United States v. Barberena*, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). "That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1.).

Alford's renewed motion does not implicate the first three categories. He does not seek release due to his medical condition, advanced age (he is now 45) or family circumstances. Instead, he asserts the catch-all "other reasons." *See United States v. Somerville*, No. 2:12-CR-225, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).

"The starting point in discerning congressional intent is the existing statutory text[.]" *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute, and, therefore, the court must give the terms their "'ordinary meaning.'" *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). The court in *Somerville* provided a useful explanation:

> The word "extraordinary" is commonly understood to mean "going beyond what is usual, regular, or customary," or "exceptional to a very marked extent." *Extraordinary*, Merriam-Webster Dictionary (2020); see also *Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary, regular, or common.").
>
> The word "compelling" means "forceful," "demanding attention," or "convincing." *Compelling*, Merriam-Webster Dictionary (2020); see also *Compelling Need*, Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or injustice would result if it is not met.").
>
> Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate).

5

*Somerville*, 2020 WL 2781585, at *7.

    4. Application to Alford's asserted grounds

Alford presents numerous grounds for the court to consider, individually or in aggregate: (1) his rehabilitation; (2) work history in prison; (3) seriousness of his offense[s][1]; (4) the harshness of his confinement during the COVID-19 pandemic; (5) the "unconstitutional conditions" at FCI-McKean involving the lack of air conditioning; (6) changes in sentencing guidelines; (7) the career offender enhancement no longer applies; (8) substantial change in the guideline range; (9) the length of his original sentence; (10) the amount of time served; and (11) the court's comments at his original sentencing in 2011. (ECF No. 1456). The court will review each ground to determine whether it constitutes an extraordinary and compelling basis for compassionate release.

<u>1 and 2: Rehabilitation and work history in prison</u>

As Alford recognizes, his rehabilitation is expressly barred by statute from serving alone as an extraordinary and compelling reason for compassionate release. Alford's work history in prison (recreation department, orderly and officer's dining room) is simply one aspect of his rehabilitation and is similarly barred by statute from consideration.

The court commends Alford for completing a cooking apprenticeship program and obtaining a culinary certification. At the § 3553(a) stage of the analysis, the court would consider these factors, along with all other updated information about Alford. At this

---

[1] Alford appears to acknowledge only one offense (ECF No. 1456 at 7), but he pleaded guilty to both a powder cocaine conspiracy and a crack and powder cocaine conspiracy, each of which had a statutory mandatory minimum prison term of 20 years.

threshold stage, however, they cannot serve as an extraordinary and compelling reason for compassionate release. *See Johnson*, 2021 WL 409830, at *10 ("Johnson' efforts to rehabilitate himself while incarcerated are commendable, but do not satisfy his burden to show his entitlement to compassionate release. The court will consider his rehabilitative efforts as part of its assessment of the § 3553(a) factors.").

### 3: Seriousness of offenses

Alford concedes that his offense[s] of conviction were serious.  He does not argue that his serious crimes entitle him to compassionate release.  He argues merely that inmates with similar convictions have obtained compassionate release.  The court agrees that Alford's crimes do not foreclose the possibility of compassionate release.  They do not, however, constitute an extraordinary and compelling reason to grant compassionate release.

### 4 and 5: harshness of confinement and conditions at FCI-McKean

Almost by definition, the conditions of confinement cannot serve as extraordinary reasons for compassionate release because those conditions are not unique or exceptional -- they apply equally to all persons confined. *United States v. McFadden*, No. CR 15-376-04, 2023 WL 3204012, at *2 (E.D. Pa. May 2, 2023) (citations omitted) (harsh conditions apply to all inmates). All inmates experienced restrictive measures during the COVID-19 pandemic and all inmates at FCI-McKean will experience the lack of air conditioning.  Alford did not articulate any reason why he would be particularly susceptible to those conditions.

To the extent Alford believes his conditions of confinement violate his constitutional rights (which he disavows, ECF No. 1468 at 16), the proper forum for that challenge is § 1983; not a motion for compassionate release. *United States v. Coutinho-Silva*, No. CR 10-002, 2022 WL 3448636, at *5 (E.D. Pa. Aug. 17, 2022) (motion for compassionate release is

not the proper vehicle to challenge unconstitutional conditions of confinement).

6, 7 and 8: Changes to the advisory guidelines and statutory mandatory minimum

Alford points out that if he committed the same crimes today, the applicable statutory mandatory minimum sentence would be 15 years (rather than 20 years) and he would not qualify as a career offender under the guidelines. Alford recognizes that these changes are not retroactive. Alford raised these arguments in his initial compassionate release motion. The arguments were rejected by this court and the Third Circuit Court of Appeals. *See* ECF No. 1395 ("a nonretroactive change [in sentencing law], like the one involved here" does not constitute an extraordinary and compelling reason for compassionate release) (citing *Andrews*, 12 F.4th at 261-62).

Alford's reliance on a proposed, non-retroactive amendment to the sentencing guidelines is misplaced. As this court previously explained, the guidelines did not impact Alford; he was sentenced to the statutory mandatory minimum.

9 and 10: length of original sentence and amount of time served

In light of his offenses of conviction, Alford is serving the statutory mandatory minimum term of imprisonment at each offense and the sentences run concurrent. That Alford is serving his lawful original sentence is not an extraordinary and compelling basis for compassionate release. *Andrews*, 12 F.4th at 260–61 ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.").

11: This court's comments at his original sentencing

Alford references this court's comments when imposing sentence in 2011. In particular, Alford points out that the government's § 851 information about a prior drug felony conviction doubled the statutory mandatory minimum sentence, and he has no history

8

of violence. The court noted that Alford has redeeming qualities, leadership ability and can be a force for good. Alford explains that he took the court's comments to heart and applied himself to educational and vocational pursuits while incarcerated. The BOP regards Alford as a low risk for recidivism due to his extensive rehabilitation efforts.

The court applauds and encourages Alford to continue his rehabilitative efforts. At the § 3553(a) step of the analysis, (as explained above) the court would strongly consider this evidence, along with all other information about Alford's current circumstances. The statute, however, provides that his rehabilitation alone cannot serve as an extraordinary and compelling reason for compassionate release. Alford did not meet his burden to show an extraordinary and compelling reason for compassionate release.

### III.  Conclusion

Because Alford did not satisfy the threshold requirement to show an extraordinary and compelling reason for compassionate release, the court does not need to reevaulate the § 3553(a) factors.

For the reasons set forth above, Alford's renewed motion for compassionate release (ECF No. 1456) will be DENIED. An appropriate order will be entered.

Dated:  August 28, 2023

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge