IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.          ) | Criminal No.  08-374 |
| ) | |
| ERIC ALFORD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court is a pro se motion seeking a sentence reduction under Amendment 821, 2023 United States Sentencing Guidelines App'x C, filed by defendant Eric Alford ("Alford") (ECF No. 1489).  The motion was forwarded to the Federal Public Defender's ("FPD") office for review.  On January 24, 2024, Alford filed a motion to supplement his original motion (ECF No. 1500). The FPD notified the court that a counseled motion would not be filed.  On March 5, 2024, the court ordered the government to respond to Alford's motions.  The government filed a response opposing relief (ECF No. 1512).  Attached as an exhibit to the government's response was another supplement from Alford, which was separately docketed at ECF No. 1513.  The motions are fully briefed and ripe for disposition.

Factual and Procedural Background

On April 18, 2011, Alford pleaded guilty in open court to counts 1 and 2 of the superseding indictment at Crim. No. 08-374, pursuant to a written plea agreement.  (Transcript, ECF No. 1022).  Count 1 charged Alford with conspiracy to possess with intent to distribute:  5.0 kilograms or more of powder cocaine and 50 grams or more of crack cocaine from 2007 to October 2008.  Count 2 charged Alford with attempt to possess with intent to distribute 5.0

kilograms or more of powder cocaine on June 11, 2008. In the plea agreement, he stipulated that the total drug weight of powder cocaine was between 5.0 and 15.0 kilograms. There was no stipulation about the quantity of crack cocaine. The government filed a § 851 information about a prior felony drug conviction as a basis to increase the statutory penalties.

Based on the amount of powder cocaine, Alford faced a statutory mandatory minimum term of imprisonment of 20 years at each count. The presentence report ("PIR") was calculated based solely on the quantity of powder cocaine. (ECF No. 619). Alford was classified as a career offender.

In PIR ¶ 39, Alford was assessed two "status points" because he committed the underlying offense while on parole. His criminal history points subtotal was 10, which placed him in criminal history category V. Due to the Career Offender enhancement in U.S.S.G. § 4B1.1, however, he was required to be placed in criminal history category VI. PIR ¶¶ 26, 40.

Alford's advisory guideline range, based on offense level 34 and criminal history category VI, was 262 to 327 months imprisonment. The court adopted that calculation at the sentencing hearing. The court varied downward and sentenced Alford to a term of imprisonment at the statutory minimum of 240 months at each count, to run concurrent. (Transcript, ECF No. 1023). There were extensive post-conviction proceedings, in which Alford's sentence was affirmed (ECF No. 1348).

Legal Analysis

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to

the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

    1. Amendment 821

Prior to the adoption of Amendment 821, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence.  Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1.  Amendment 821 applies retroactively, if the defendant is still serving a term of imprisonment. U.S.S.G. § 1B1.10.

The sentencing guidelines make clear that "a reduction in the defendant's term of imprisonment is **not** authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . (ii) an amendment listed in subsection (d) is applicable to the defendant **but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . .**" U.S.S.G. § 1B1.10, comment. (n.1) (emphasis added).

Here, Alford is not eligible for a sentence reduction (although he was assessed two status points) because Amendment 821 does not have the effect of lowering his guideline range. Alford was properly designated as a career offender and the operation of the Career Offender guideline is what dictated his criminal history category of VI and his applicable guideline sentencing range. *United States v. Ramos*, No. CR 08-274-2, 2024 WL 1659884, at *3 (E.D. Pa. Apr. 17, 2024); *United States v. Murphy*, No. 1:21-CR-906, 2024 WL 887538, at *3 (D.N.J. Feb. 29, 2024).  If calculated now, Alford's guideline range would remain the same as it was at sentencing, due to the Career Offender provision.  A reduction in his term of imprisonment, therefore, is not authorized under Amendment 821.  The court does not reach the second step of

the *Dillon* analysis.

    2. *United States v. Andrews*

In his supplements (ECF Nos. 1500, 1513), Alford seeks immediate release on the basis that he is serving an "unusually long sentence." Alford argues that the Sentencing Commission amendment to U.S.S.G. § 1B1.13(b)(6) abrogated the United States Court of Appeals' decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).

In *Andrews*, the Third Circuit Court of Appeals explained that subsequent changes to the law affecting a defendant's sentence do not create an extraordinary and compelling reason for compassionate release:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute."

*Id.* at 260–61 (citation omitted). The court observed that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." *Id.* at 261. The court reasoned that under Supreme Court precedent, the "ordinary practice" in federal sentencing is to withhold new sentencing changes from defendants already sentenced, and that a practice considered "ordinary" cannot simultaneously be an "extraordinary" reason for compassionate release. *Id.* (citations omitted).

The 2023 amendment to U.S.S.G. § 1B1.13(b)(6) now provides:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, **but only** where such change would produce a **gross disparity** between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the

defendant's individualized circumstances.

U.S.S.G. § 1B1.13 (emphasis added).

The court need not address, in this case, the extent to which U.S.S.G. § 1B1.13(b)(6) may conflict with *Andrews*. The amendment does not benefit Alford. It is clear there can be no "gross disparity" between the sentence Alford is currently serving and the sentence likely to be imposed if this motion were granted. Alford was sentenced at the statutory mandatory minimum, for each offense, which is the same statutory minimum for those offenses today. Even if his guideline calculation changed (which, as explained above, it would not), Alford could not receive a sentence below the statutory mandatory minimum.

Conclusion

For the reasons set forth above, Alford's motion for sentence reduction and supplements thereto (ECF Nos. 1489, 1500 and 1513) will be DENIED.

An appropriate order will be entered.

Dated: July 11, 2024

                                                    /s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Senior United States District Court Judge